IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) | SHARRIE NICHOLSON, personally and | |
| (2) | as Trustee of the SHARRIE MARIE NICHOLSON REVOCABLE TRUST aka SHARRIE NICHOLSON-BINKLEY, | |
| | Plaintiffs, | |
| v. | | Case No. 4:16-cv-56-TCK-FHM |
| (1) | USAA PROPERTY AND CASUALTY INSURANCE, D/B/A U.S.A.A. A/K/A U.S.A.A. CASUALTY ("USAA") and | *Removed from Tulsa County District Court, Case No. CJ-2016-00014* |
| (2) | Garrison Property and Casualty Insurance Company ("Garrison"), a subsidiary of USAA Casualty Insurance Company, | |
| (3) | ALE SOLUTIONS Inc., | |
| (4) | DOES I-X, and | |
| (5) | ROE CORPORATIONS I-X, inclusive, | |
| | Defendants. | |

## NOTICE OF REMOVAL

Defendant Garrison Property and Casualty Insurance Company ("Garrison"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action pending in the District Court of Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma. The grounds for removal are as follows:

1. Plaintiffs commenced this action entitled *Sharrie Nicholson, personally and as Trustee of the Sharrie Marie Nicholson Revocable Trust aka Sharrie Nicholson-Binkley v. USAA Property & Casualty Insurance, d/b/a U.S.A.A. a/k/a U.S.A.A. Casualty ("USAA") and Garrison Property and Casualty Insurance Company ("Garrison"), a subsidiary of USAA Casualty*

16653574_5

*Insurance Company, ALE Solutions Inc., Does I-X, and Roe Corporations I-X, inclusive*, CJ-2016-14 (the "Action"), by filing a Petition with the District Court of Tulsa County, State of Oklahoma, on January 4, 2016 [hereinafter, the "Complaint"].

2. The Complaint purports to state claims against the defendants for breach of contract (Count I), contractual breach of the implied covenant of good faith and fair dealing (Count II), tortious breach of the implied covenant of good faith and fair dealing (Count III), and unfair trade practices (Count IV).

3. The Complaint in the Action is attached as Exhibit 1. The Summons served on "USSA Property & Casualty and Garrison Property" is attached as Exhibit 2. A copy of the Docket Sheet, Tulsa County, Case No. CJ-2016-14, is attached as Exhibit 3. Garrison is unaware of the existence of any process, pleadings, or orders other than the documents included in Exhibits 1-2. Moreover, there are no motions pending before the Tulsa County District Court in this matter, nor are any hearings currently set.

4. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because Garrison has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**I.   Garrison has satisfied the procedural requirements for removal.**

5. Plaintiffs served the Complaint and Summons on Garrison by mail on January 11, 2016. *See* Ex. 4, USPS Tracking Page; Fed. R. Civ. P. 4(e)(1), *id.* Rule 4(h)(1)(A); Okla. Stat. tit. 12, § 2004(C)(2)(b) ("Service by mail shall be effective on the date of receipt or if refused, on the date of refusal of the summons and petition by the defendant.").

6. Plaintiffs attempted to serve the Complaint and Summons on "USAA Property and Casualty"—an entity that does not exist—by mail on January 13, 2016. *See* Ex. 5, USPS

2

Tracking Page; Fed. R. Civ. P. 4(e)(1), *id.* Rule 4(h)(1)(A); Okla. Stat. tit. 12, § 2004(C)(2)(b) ("Service by mail shall be effective on the date of receipt or if refused, on the date of refusal of the summons and petition by the defendant.").

7.  Because the Notice of Removal is being filed within 30 days of service of the Complaint and Summons on Garrison (the first served defendant), it is timely under 28 U.S.C. § 1446(b).

8.  Defendant ALE Solutions Inc. ("ALE") has not been served with the Complaint or Summons in the Action. *See* Ex. 6, Frank Aff. ¶ 3. Because this Notice of Removal is being filed before service on ALE, it is timely under 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section n1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). And to the extent ALE's consent is required, it consents. *See* Ex. 6, Frank Aff. ¶ 4.

9.  Under 28 U.S.C. § 1446(a), the United States District Court for the Northern District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Tulsa County, Oklahoma, where the Action is pending. *See* 28 U.S.C. § 116(a).

10. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

**II.   Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.**

11. This Court has original jurisdiction over the Action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) between citizens of different states. Thus, the Action may be removed to this Court by the Garrison pursuant to 28 U.S.C. § 1441(a).

### A. The amount in controversy requirement is satisfied.

12. It is apparent from the face of the Complaint that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of interest and costs. *See* Ex. 1, Compl., WHEREFORE clause at p. 9 ("Plaintiffs request judgment against the above-named Defendants and each of them jointly and severally, as follows: 1. General damages in the minimum amount of $186,000.00; 2. Special damages in the minimum amount of $10,000.00; 3. Punitive damages in an amount exceeding $10,000.00 and to be determined at trial; 4. Reasonable attorney fees and costs incurred herein; 5. Interest at the statutory rate; and 6. Such other relief and further relief as the Court deems just and proper.").

13. The assertions regarding damages in the Complaint are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. 28 U.S.C. § 1446(c)(2).

14. In addition, the contract at issue in this lawsuit—Plaintiff Sharrie Nicholson's homeowner's insurance policy issued by Garrison, Policy No. GAR 01569 48 09 91A—has a dwelling coverage (Coverage A) with a limit of $114,000, exceeding the amount-in-controversy requirement for diversity jurisdiction. *See, e.g.*, Ex. 7, Policy, at GARRISON-0004.

### B. Complete diversity of citizenship exists between Plaintiffs and Garrison.

15. Plaintiff Sharrie Nicholson alleges she is a resident of Oklahoma. *See* Ex. 1, Compl. ¶ 1. Residence, while not equivalent to citizenship, is prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Domicile is equivalent to citizenship for purposes of diversity jurisdiction. *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Based on the foregoing and upon information and belief, Plaintiff Sharrie Nicholson is a citizen of Oklahoma.

16. The Complaint also names "SHARRIE NICHOLSON . . . as Trustee of the SHARRIE MARIE NICHOLSON REVOCABLE TRUST" as a plaintiff. *See* Ex. 1, Compl. Where the trustee is the real party in interest, as is the case here, the Court only considers the citizenship of the trustee for purposes of diversity jurisdiction.[1] *See Navarro Sav. Ass'n v. Lee*, 445 U.S. 458, 463 (1980). As established *supra*, Plaintiff Sharrie Nicholson is a citizen of Oklahoma for purposes of diversity jurisdiction.

17. The Complaint recognizes that the "Defendants, during all relevant times, were and are foreign corporations . . . ." Ex. 1, Compl. ¶ 2.

18. Garrison is Plaintiff Sharrie Nicholson's homeowner's insurance company. *See, e.g.*, Ex. 7, Policy, at GARRISON-0012 ("This policy is issued by Garrison Property and Casualty Insurance Company ('Garrison'), a subsidiary of USAA Casualty Insurance Company. . . . This is a participating policy. You are entitled to dividends as may be declared by the Garrison Board of Directors."); Ex. 8, Dishman Decl. ¶ 4. Garrison is incorporated in Texas with a principal place of business in Texas. *See* Ex. 8, Dishman Decl. ¶ 2; *see also* Ex. 1, Compl. ¶ 2. For purposes of diversity jurisdiction, Garrison is therefore a citizen of Texas.

19. ALE is incorporated in Illinois with a principal place of business in Illinois. *See* Ex. 6, Frank Aff. ¶ 5. For purposes of diversity jurisdiction, ALE is therefore a citizen of Illinois.

---

[1] It is clear that Sharrie Nicholson—not a beneficiary of or other related party to Sharrie Marie Nicholson Revocable Trust—is the real party in interest. This is primarily a case between an insurer and insured. As is clear from the Policy, the insured is Sharrie Nicholson, not the trust or any other person, and the insurer is Garrison, not any other entity. *See* Ex. 7, Policy, at GARRISON-0012.

5

20. The other defendants named in the caption of the Complaint—"USAA Property and Casualty Insurance" and "Does I-X" and "Roe Corporations I-X" are irrelevant to removal and, as a matter of law, should be ignored for removal purposes.

    a. "USAA Property and Casualty" is not an entity. *See* Ex. 8, Dishman Decl. ¶ 5. Because "USAA Property and Casualty" is not an entity, it has no state of incorporation or principal place of business. *See id.* For purposes of determining diversity jurisdiction, a non-existent entity should be ignored. *Cf. Davis v. OneBeacon Ins. Gr.*, 721 F. Supp. 2d 329, 337 (D.N.J. 2010) ("[A] defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship.").

    b. Those defendants sued under fictitious names—here, "JOHN DOES I-X" and "ROE CORPORATIONS I-X"—also are disregarded for purposes of determining diversity of citizenship. *See* 28 U.S.C. § 1441(b); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("Under the federal removal statutes the presence of 'John Doe' defendants at the commencement of an action creates no impediment to removal.").

21. Thus, there is complete diversity between (A) Plaintiffs, as citizens of Oklahoma, and (B) Garrison, which is a citizen of Texas, and ALE, which is a citizen of Illinois.

22. Garrison reserves the right to amend or supplement this Notice of Removal.

23. Garrison reserves all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b).

24.     Written notice of the filing of this Notice of Removal will be given to Plaintiffs and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Garrison removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Respectfully submitted,

*s/ Jodi W. Dishman*
William S. Leach, OBA # 14892
Jodi W. Dishman, OBA # 20677
Andrew J. Morris, OBA # 31658
MCAFEE & TAFT
A PROFESSIONAL CORPORATION
211 North Robinson, 10th Floor
Oklahoma City, OK 73102
Telephone:(405) 235-9621
Facsimile: (405) 235-0439
E-mail:    bill.leach@mcafeetaft.com
           jodi.dishman@mcafeetaft.com
           andrew.morris@mcafeetaft.com

***Attorneys for Defendant Garrison Property and Casualty Insurance Company***

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of February, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

>Joel L. Kruger
>K<small>RUGER</small> L<small>AW</small> F<small>IRM</small>, PC
>PO Box 35889
>Tulsa OK 74153
>jlk@kruger-law.com

>*Attorney for Plaintiffs*

I further certify that on this 1st day of February, 2016, I caused a file-stamped copy of the above and foregoing document to be transmitted by U.S. mail, postage prepaid, to the above-indicated counsel for Plaintiffs.

>*s/ Jodi W. Dishman*
>Jodi W. Dishman