IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

SHARRIE NICHOLSON, personally and as
Trustee of the SHARRIE MARIE
NICHOLSON REVOCABLE TRUST aka
SHARRIE NICHOLSON-BINKLEY

      Plaintiffs,

vs

USAA PROPERTY AND CASUALTY
INSURANCE, D/B/A U.S.A.A. A/K/A
U.S.A.A. CASUALTY ("USAA") and
Garrison Property and Casualty
Insurance Company ("Garrison"),
a subsidiary of USAA Casualty Insurance
Company, ALE SOLUTIONS Inc.
DOES I-X and ROE
CORPORATIONS I-X, inclusive,

      Defendants.

**CJ-2016-00014**

Case No.:

Judge: REBECCA NIGHTINGALE

DISTRICT COURT
**F I L E D**

JAN – 4 2016

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

**PETITION**

The Plaintiffs, for their petition against the Defendants, state and allege as

follows:

**PARTIES**

1. Plaintiffs, at all relevant times, resided in the State of Oklahoma.

2. Defendants, during all relevant times, were and are foreign corporations, having its

   principal places of business in San Antonio, Texas, and qualified and registered to do

   business in the State of Oklahoma.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of

   Defendants *Does 1 through X and Roe Corporations 1 through X*, including without

1

Exhibit 1

limitation, any employer, franchisor, or owner d/b/a thereof, are not currently known and therefore not yet named herein, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Upon information and belief, Plaintiff alleges each of the Defendants designated as Doe Defendants or Roe Corporations is responsible in some manner for the events and occurrences referred to in this Petition, and/or owes money to Plaintiff and/or may be affiliated with Defendants. Plaintiffs will ask for leave of Court to amend this Petition and insert the true names and capacities of Doe Defendants I through X and Roe Corporations I through X when it is ascertained.

## JURISDICTION AND VENUE

4. The subject matter of this lawsuit arose in Tulsa County, Oklahoma, and the subject insurance policy was issued to the Plaintiff by Defendants Garrison and USAA.

5. During all relevant times herein, Petitioner has owned real property in Tulsa County, Oklahoma, located at 17410 South, 90th East Ave., Bixby, Oklahoma ("home").

6. This action involves written insurance contracts issued on or about March 12, 2013. Plaintiff purchased and acquired homeowners insurance (Policy number GAR 15694809 91A) ("Policy") from the Defendants, effective through March 12, 2016, covering the home. All obligations under the policy were obligated to be performed in Tulsa County, Oklahoma.

7. Jurisdiction and venue are properly before this Court

## GENERAL ALLEGATIONS

8. Plaintiffs incorporate the preceding paragraphs of this Complaint as though fully set forth herein.

2

9. On or about June 14, 2015, Plaintiff returned home from caring for her father in Colorado to find her home vandalized and burglarized.

10. On or about June 14, 2015, Plaintiff filed a claim with Defendants and was assigned claim adjuster, Steve Shelden ("adjuster").

11. A Police Report was filed with Bixby Police Department (Police report #15 1417).

12. Plaintiff and adjuster met at the property to review the damage. An estimate was written for repairs and on August 14, 2015, a check was issued for $24,264.31 which was never negotiated. The check was recently cancelled by Defendants. The adjuster advised Plaintiff he could hire a contractor to repair the property and pay them through the "direct pay program." Plaintiff agreed and repairs were to be commenced immediately and the contractor to be paid directly by Defendants. The adjuster sent a text on August 26, 2015 to Plaintiff confirming his meeting with the Contractor at the home to gets things "wrapped up'. The adjuster had a funeral and another couple of weeks for his son's surgery during this time causing the claim processing to be delayed.

13. Plaintiff advised adjuster she had no place to reside and was temporarily visiting her brother in Ardmore, OK until hotel accommodations were arranged.

14. Plaintiff drove to Colorado Springs to review the issues Defendants had with the inventory list. This process was frustrated by Plaintiff having been locked out of the USAA online claim's website and Defendants had mixed her case with another insured several times including issuing a check for reimbursement she had not submitted, but should have been paid to the other insured. Plaintiff advised the adjuster she was awaiting her children's review of the inventory and would submit a final list thereafter. At least six times, by phone or text,

3

text, Plaintiff advised the list had not been finalized since the amount of the claim stated by Defendants was erroneous. Plaintiff also informed Defendants she had taken most jewelry, guns and most family heirlooms with her since she was preparing to be absent from her home for an extensive time to handle her father's estate pursuant to a power of attorney. The Defendants, through the adjuster, continually represented they would give her copy of the list they had for her review, The list has never been given to the Plaintiff nor had she summited an inventory list since she has no access to inventory on the USAA claims website. Plaintiff setup a meeting to drive to Defendant's headquarters in Colorado Springs, Colorado to review the list with Defendant's agent. Once Plaintiff reached Colorado, the assigned agent was not available because of his scheduled vacation and then being removed from the case.

15. Plaintiff was told she would be reimbursed for food and shelter until the repairs were completed. Plaintiff turned in several invoices that have not been paid or inadequately paid. Plaintiff informed the adjuster the two checks she was paid for reimbursement was not the correct amount. The adjuster eventually informed Plaintiff her case was confused with another insured's claim. As of this date, not all invoices have been paid nor all living expenses covered as required in the policy.

16. Plaintiff's hotel was paid for 1 month in Colorado Springs Colorado to meet with Agents USSA. A payment of $4,921.47 was issued on November 11, 2015 to Ale Solutions, Inc. for hotel accommodations as covered in the policy. Defendants refused to continue to pay for a hotel with no notice and with no explanation after being informed Plaintiff, who is disabled, and has guardianship of her five year old grandson who also lived in the home

4

are now homeless until repairs are completed. The Policy states living expenses are to be paid up to twenty-four months or until the losses are repaired.

17. Defendant's refusal to make adequate payment to Plaintiffs is without a reasonable basis in fact or law.

18. Defendant's refusal to make adequate payment to Plaintiffs was made in bad faith and for the purpose of denying the benefits of contract for homeowner's coverage to Plaintiffs.

19. Defendants owed Plaintiffs the following duties, among others: (a) a duty to cover housing and reimbursement for additional living expenses and honor the insurance contract for the entire policy duration; (b) a duty to conduct a prompt, reasonable and diligent investigation of the facts of the case to determine the validity of the claims made by Plaintiffs against Defendant; (c) a duty to evaluate the Plaintiffs' claims fairly; (d) a duty to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where liability is reasonable clear; (e) a duty to act promptly and reasonably in settling the claim; (f) a duty not to reject a reasonable and fair offer of settlement; (g) a duty not to put its insureds through unnecessary litigation; (h) a duty not to put its insureds' assets at risk; (i) a duty to refrain from actions that would injure the Plaintiffs' ability to obtain the benefits of the insurance contract; and (j) a duty of good faith and fair dealing.

20. Upon information and belief, the Plaintiffs allege that Defendants breached its duties owed to Plaintiffs by, among other things: (a) failing to honor the insurance contract; (b) failing to conduct a prompt, reasonable and diligent investigation of the claims made against Garrison and USAA Insurance; (c) failing to evaluate the claim fairly; (d) failing to tender the claims; (e) failing to attempt in good faith to effectuate a prompt, fair and

equitable settlement of the claim; (f) not making any reasonable settlement offers to offer the claims; (g) failing to repair the home and cover temporary housing until home was repaired; (h) putting its insureds, Plaintiffs herein, through unnecessary litigation; (i) putting its insureds' personal assets at risk and causing loss of personal property, additional living expenses, mental and physical distress, and bad faith.

21. As a direct and approximate result of Defendants breaches of its duties it owed herein, Plaintiffs have been deprived of the benefits to which they were entitled and for which they bargained for in the insurance contract, and were forced to incur expenses to obtain the benefits to which they were entitled and have been damaged in amounts to be determined at trial.

22. Defendant's actions herein constitute bad faith insurance practices.

23. The Court should enter a declaratory judgment that Defendant must pay its policy limits to Plaintiffs herein, in order to satisfy the damages sustained by Plaintiffs in the underlying claim.

24. Plaintiffs have been required to engage the services of attorneys, and, accordingly, have incurred attorneys' fees and costs to bring this action and Defendants should be responsible therefor.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

25. Plaintiffs repeat and reallege all allegations contained in the preceding paragraphs as though they were fully set forth herein.

26. A valid and existing insurance agreement between Plaintiffs and Defendant exists.

6

27. Plaintiffs performed, or were excused by Defendants from performance, under the agreement.

28. Defendant breached the agreement by, *inter alia,* refusing to properly compensate Plaintiffs for covered losses pursuant to the policy.

29. Plaintiffs sustained damages exceeding policy limits resulting from Defendant's breach of the agreement.

30. Plaintiffs have been required to retain the services of an attorney and should be reimbursed therefor.

## SECOND CAUSE OF ACTION

### (Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing)

31. All previous allegations are incorporated herein as if fully set forth herein.

32. There is implied in every contract a covenant of good faith and fair dealing.

33. Plaintiffs and Defendant entered into a valid and existing insurance agreement.

34. Defendant owed Plaintiffs a duty of good faith and fair dealing.

35. Defendant breached their duty of good faith and fair dealing by, *inter alia,* refusing to adequately compensate Plaintiffs.

36. Plaintiffs sustained damages in excess of the policy limits resulting from Defendant's breach of the implied covenant of good faith and fair dealing.

37. Plaintiffs have been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

## THIRD CAUSE OF ACTION

### (Tortious Breach of the Implied Covenant of
### Good Faith and Fair Dealing)

38. Plaintiffs reallege the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

39. There implied in every contract a covenant of good faith and fair dealing.

40. Plaintiffs and Defendant entered into a valid and existing insurance agreement.

41. Defendant owed Plaintiffs a duty of good faith and fair dealing.

42. As an insurer, Defendants owe Plaintiffs a fiduciary-like duty and there was a special element of reliance upon Defendants by Plaintiffs.

43. Plaintiffs sustained damages in excess of the policy limits resulting from Defendant's breach of the implied covenant of good faith and fair dealing.

44. Plaintiffs are further entitled to punitive damages resulting from Defendant's breach of the implied covenant of good faith and fair dealing. Plaintiffs have been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

## FOURTH CAUSE OF ACTION

### (Unfair Trade Practices)

45. Plaintiffs reallege the preceding paragraphs of this petition as though fully set forth herein.

46. Defendant has engaged in unfair trade practices, including Defendant's failure to properly settle Plaintiffs' claim.

8

47. Plaintiffs sustained damages in excess of the policy limits resulting from Defendant's unfair trade practices.

48. Plaintiffs are further entitled to punitive damages resulting from Defendant's unfair trade practices.

49. Plaintiffs have been required to retain the services of an attorney and are entitled to attorney's fees and costs.

WHEREFORE, premises considered, Plaintiffs request judgment against the above-named Defendants and each of them, jointly and severally, as follows:

1. General damages in the minimum amount of $186,000.00;

2. Special damages in the minimum amount of $10,000.00;

3. Punitive damages in an amount exceeding $10,000.00 and to be determined at trial;

4. Reasonable attorney fees and costs incurred herein;

5. Interest at the statutory rate; and

6. Such other and further relief as the Court deems just and proper.

Joel L. Kruger, OBA #5128
Kruger Law Firm, PC
PO Box 35889
Tulsa, OK 74153
(918) 629-0521 (voice)
(918) 516-3653 (fax)
jlk@Kruger-Law.com
Attorney for Plaintiffs

STATE OF OKLAHOMA⎤
                 ⎥ ss.
COUNTY OF TULSA  ⎦

Sharrie Nicholson, of lawful age, being first duly sworn upon oath, deposes and states she

is the Plaintiff above-named, she has read the above and foregoing Petition, and the facts and

matters set forth therein are true and correct to the best of her knowledge, information, and

belief.



Sharrie Nicholson-Binkly, personally and as
Trustee for the Sharrie Marie Nicholson
Revocable Trust

Subscribed and sworn to before me this 4th day of January, 2016.

Notary Public
State of Oklahoma
MARTY INMAN
TULSA COUNTY
COMMISSION #07011220
Comm. Exp. 11-26-2019

NOTARY PUBLIC

My Commission Expires:

My Commission Number:

10